IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSÉ A. MUÑIZ-OLIVARI, et al.,<br><br>        Plaintiffs<br><br>            v.<br><br>STIEFEL LABORATORIES, INC.<br><br>        Defendant | CIVIL NO. 03-2076 (JP) |

**OPINION AND ORDER**

Before the Court is Plaintiffs José Muñiz-Olivari ("Muñiz") and Annabelle Durán-López's ("Durán") motion requesting an Order for the payment of damages to Durán (No. 118), and Defendant Stiefel Laboratories, Inc.'s ("Stiefel") opposition thereto (No. 121). For the reasons stated herein, Plaintiffs' motion is hereby **DENIED**.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs filed the instant lawsuit alleging claims for: (1) breach of contract; (2) age discrimination pursuant to Puerto Rico's anti-discrimination statute, Law 100, P.R. Laws Ann. tit. 29, §§ 146-151; and (3) damages resulting from each of the first two claims, pursuant to Puerto Rico tort law, Article 1802 of the Puerto Rico civil code, P.R. Laws Ann. tit. 31, § 5141.

Plaintiffs' claims arise out of an oral promise of employment made to Plaintiff Muñiz by Defendant Stiefel. Beginning in 1991, Plaintiff Muñiz began working as a marketing manager for Stiefel's

CIVIL NO. 03-2076 (JP)            -2-

operations in Puerto Rico.  In January 2003, Stiefel ceased operations in Puerto Rico and terminated its employees in Puerto Rico, including Muñiz.  Plaintiff Muñiz alleges that, prior to the closure of operations on the island, he was assured by Stiefel officer Brendan Murphy that there would be employment available for Muñiz following the reorganization.  Murphy informed Plaintiff that even if the Puerto Rico operations closed completely, Muñiz could take on a new position with the company in Florida.  However, after the closure Muñiz was never given the promised job in Florida.

　　　Prior to trial, the Court partially granted (No. 50) a motion for summary judgment. The Court dismissed Plaintiffs' Law 100 claim, finding that the Puerto Rico anti-discrimination statute was not applicable when the location of the promised job was outside of Puerto Rico. Because the Law 100 claim was dismissed, the Court also dismissed any claim for damages resulting from the Law 100 claim. Remaining before the Court were Plaintiffs' breach of contract claim, and any damages arising therefrom.

　　　The case proceeded to trial on the remaining issues.  At the conclusion of the trial, the jury found Stiefel in breach of contract and awarded Muñiz damages for back pay, front pay, and benefits of $613,080.00.  The jury also awarded damages for pain and suffering resulting from the breach of contract, in the amount of $100,000.00 for Muñiz and $100,000.00 for his wife, Durán.

CIVIL NO. 03-2076 (JP)            -3-

Defendant Stiefel appealed, and the First Circuit affirmed the portion of the judgment for $613,080.00. With regard to the additional damages for pain and suffering, the First Circuit held that those awards depended upon the outcome of an unsettled question of Puerto Rico state law. Therefore, the Court of Appeals remanded and Ordered that the Court certify a question to the Puerto Rico Supreme Court:

> regarding the **availability of pain and suffering damages in a contract case involving no separate tort allegations and the availability of such damages to a non-party to the contract** . . . . If the Supreme Court of Puerto Rico concludes that pain and suffering damages are available to Muñiz or to Muñiz and his wife, then an additional judgment in the sum of $100,000 or $200,000, respectively, will be entered, with whatever interest is appropriate.

(No. 99) (emphasis added). The First Circuit accurately described the case as one "involving no separate tort allegations" because, as was stated in the Court's prior Opinion and Order (No. 50), the Puerto Rico tort statute was invoked only for purposes of providing a basis to recover damages stemming from the alleged breach of contract and Law 100 claims. Because the Court dismissed the Law 100 claim, the only remaining claim for damages was for those damages recoverable on the basis of the breach of contract.

In accordance with the First Circuit's instructions, the Court certified the following questions to the Puerto Rico Supreme Court:

1. Whether pain and suffering damages are available to a party to a contract in a civil action for breach of contract which does not involve any separate tort allegations; and

CIVIL NO. 03-2076 (JP)           -4-

> 2. Whether pain and suffering damages are available to a non-party to a contract who is directly affected by a breach of contract in a civil action for breach of contract which does not involve any separate tort allegation.

(No. 114).

The Puerto Rico Supreme Court responded with an Opinion (No. 117), which was translated into English (Nos. 125 and 126).[1] In its Opinion, the Puerto Rico Supreme Court answered the first question in the affirmative, and the second question in the negative. The conclusion of the Opinion stated:

> we find that the compensation for the mental anguish and suffering in a breach of contract action may proceed, subject to the parameters stated above. However, a person who is an outsider to the contractual relationship from which the breach of contract action arises has no standing to make a claim for his own damages under the *ex contractu* action.

(No. 126).

In light of the Opinion of the Puerto Rico Supreme Court, and in accordance with the holding of the First Circuit, Stiefel paid an additional $100,000.00 to Muñiz for his pain and suffering resulting from the breach of contract. In the instant motion, Plaintiffs argue that Defendant Stiefel should also pay the $100,000.00 that the jury awarded to Muñiz's wife, Durán, for her pain and suffering resulting from the breach of contract.

---

1.   Plaintiffs' motion submitting a certified translation (**No. 125**) is **NOTED**.

CIVIL NO. 03-2076 (JP)          -5-

## II. **ANALYSIS**

The parties are in dispute as to the meaning of the Opinion from the Puerto Rico Supreme Court and the prior ruling from the First Circuit. Defendant argues that the Puerto Rico Supreme Court made clear that only a party to the contract, in this case Muñiz, may recover damages for pain and suffering resulting from a breach of contract in a case with no separate tort claims. Therefore, because Muñiz's wife Durán was not a party to the contract regarding Muñiz's promised job with Stiefel, she may not recover damages for her pain and suffering resulting from a breach of that contract. Plaintiffs, on the other hand, argue that this is too narrow an interpretation of the language in the Opinion. Plaintiffs argue that in fact Durán did have a separate tort claim apart from the breach of contract allegations, and that she should be permitted to recover damages in her separate tort claim. The Court will now consider the parties' arguments.

The scope of the claims in this case, the parameters of the question certified to the Puerto Rico Supreme Court, and the answers given by the Puerto Rico Supreme Court are all clearly defined. Following the Court's Opinion granting partial summary judgment, "[t]he only claims remaining before the Court [were] Plaintiffs' breach of contract claims and damages, if any, arising therefrom" (No. 50). At trial, the jury found liability for breach of contract, and made a damages award consisting of three parts: (1) $613,080.00

CIVIL NO. 03-2076 (JP)          -6-

to Muñiz for back pay, front pay, and benefits; (2) $100,000.00 to Muñiz for his pain and suffering resulting from the breach of contract; and (3) $100,000.00 to Durán for her pain and suffering resulting from the breach of contract (No. 73).

On appeal, the First Circuit affirmed the first part of the award for $613,080.00, but stated that the remaining two parts for $100,000.00 each depended on the Puerto Rico Supreme Court's resolution of the following questions: (1) whether pain and suffering damages are available in a contract case with no separate tort allegations; and (2) whether such damages are available to a non-party to the contract (No. 99).

The Court certified these questions, and the Puerto Rico Supreme Court responded by stating that: (1) "compensation for the mental anguish and suffering in a breach of contract action may proceed"; and (2) "[h]owever, a person who is an outsider to the contractual relationship from which the breach of contract action arises has no standing to make a claim for his own damages under the *ex contractu* action[]" (No. 126). These two answers require little interpretation. The Supreme Court of Puerto clearly stated that: (1) Muñiz may recover for pain and suffering resulting from the breach of a contract to which he was a party, but (2) Durán, as a nonparty to the contract, may not recover damages for pain and suffering resulting from the breach of contract. Accordingly, Defendant is required to pay the $100,000.00 in damages for Muñiz's

CIVIL NO. 03-2076 (JP)              -7-

pain and suffering, but not the other $100,000.00 in damages for Durán's pain and suffering.

### III. **CONCLUSION**

In conclusion, the Court finds that the Opinions of the First Circuit and the Puerto Rico Supreme Court cannot support Plaintiffs' proposed interpretation.  Accordingly, Plaintiffs' motion for an order requiring Defendant to pay an additional $100,000.00 to Plaintiff Durán is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 5th day of March, 2010.

              s/Jaime Pieras, Jr.
              JAIME PIERAS, JR.
            U.S. SENIOR DISTRICT JUDGE